**Joseph Lee PRICE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8086.**

United States Court of Appeals Fourth Circuit.

Argued Sept. 27, 1960.

Decided Oct. 4, 1960.

John W. Brennan (Court-assigned counsel), Washington, D. C., for appellant.

Leon H. A. Pierson, U. S. Atty., for the Dist. of Maryland, Baltimore, Md., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

The defendant was convicted of kidnapping, and was sentenced to 19½ years imprisonment. He does not dispute the sufficiency of the evidence to support his conviction, and does not complain of any rulings made at the trial. His sole point on this appeal pertains to a question asked of him by the District Attorney in the course of cross-examination relating to prior convictions.

The defendant had admitted, in response to the prosecutor's questions, one conviction in 1955 for stealing jewelry and another in 1947 for breaking and entering. No complaint was made by the defendant as to the foregoing inquiries, but thereupon the District Attorney turned to a third event and inquired whether the defendant was the person convicted in 1945 for breaking and entering in Madison, West Virginia, and placed on probation. The defendant denied that he was ever placed on probation, and then promptly admitted that he did not know he had been placed under probation until he was brought into court in 1947 for violating probation and committed to the Boys' Industrial School. He further explained: "I went before the Judge, there was no plea made. The Judge released me to my father. I was a juvenile."

It appears that in West Virginia a person between the ages of 16 and 18 who has committed an offense may either be proceeded against in accordance with the state's laws dealing with adult criminals, or he may be treated as a juvenile in a juvenile proceeding, West Virginia Code of 1955, § 2699 and § 4904(61) (Code, 28–1–3, 49–5–14). If the proceedings against him are under Chapter 49 of the West Virginia Code, dealing with child welfare and juvenile delinquency, it is provided that any " * * * order, judgment or finding therein, or any adjudication upon the status of juvenile delinquent heretofore made or rendered, shall not in any civil, criminal or other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatsoever * * *," West Virginia Code, supra, § 4904(83) (Code, 49–7–3).

The record does not make clear the precise nature of the proceedings referred to, but the District Attorney did

not pursue the matter further, and the defendant's explanation was permitted to stand. In the present state of the record we treat the matter in question as a juvenile proceeding and not a proper subject for impeachment. See: Thomas v. United States, 1941, 74 App.D.C. 167, 121 F.2d 905; McCormick on Evidence, § 43. However, viewing this episode in the entire context of the trial, we find no denial of substantial rights, and the judgment is

Affirmed.